Argued January 10, reversed and remanded February 23, 1973

## PETERSEN, *Appellant, v.* THOMPSON, *Respondent.*

506 P2d 697

*George G. VanNatta,* St. Helens, argued the cause for appellant. On the brief were VanNatta & Petersen.

*Richard K. Klosterman,* Portland, argued the cause for respondent. On the brief were Klosterman & Joachims.

McALLISTER, J.

The plaintiff Petersen brought this action to recover possession of a tractor which was in possession of the defendant Thompson who claimed to own it. Both men claimed ownership by purchase from J. I. Case Credit Corporation.

The court tried the case without a jury and when plaintiff rested granted defendant's motion for a nonsuit. Plaintiff appeals from the judgment of nonsuit.

This case arose out of the following facts. J. I. Case owned a repossessed tractor located in the woods near Morton, Washington. In the middle of February 1972, defendant Thompson telephoned Case's credit supervisor Henderson about buying the tractor. Henderson agreed to sell the tractor to Thompson for $1,000 "as is, where is." Thompson was to pick up the tractor in the woods and pay the purchase price in cash.

On March 1st Thompson picked up the tractor and brought it to Oregon. There is a dispute about when Thompson told Henderson that he had picked up the tractor. Thompson said it was about the middle of March, while Henderson testified that it was around

the end of March. In any event, about March 10th or 12th plaintiff Petersen telephoned Henderson about buying the same tractor. Henderson testified that since he had heard nothing from Thompson he assumed that Thompson was no longer interested in the tractor and he therefore agreed to sell the tractor to Petersen. It is unnecessary to relate at this time the other evidence about what J. I. Case did when it discovered that it had sold the tractor to two different buyers.

Plaintiff states his assignment of error in language carefully chosen to avoid a decision of this case on its merits. His assignment of error alleges that "the trial court erred in holding that there was no evidence before it that would have supported a judgment for the plaintiff." In his statement of the question to be decided on appeal he contends that there was evidence from which the court could have found that the tractor belonged to plaintiff. In his brief defendant accepts plaintiff's "statement of the question to be decided."

Plaintiff's studied effort to limit the scope of review and defendant's acquiescence in the issue on appeal presents us with the same question we faced in *Karoblis v. Liebert,* 263 Or 64, 501 P2d 315 (1972). That question was whether a motion for a nonsuit in an action tried by the court without a jury permits the court to decide only whether the plaintiff has proved a case sufficient to be submitted to the jury, if there had been a jury, or whether such a motion permits the court to decide the case on the merits. In *Karoblis* we adopted the equity procedure and held "that the defendant in a law action tried to the court without a jury may not test the legal sufficiency of plaintiff's evidence at the close of plaintiff's case. If he wishes to challenge the sufficiency of the evidence he must rest

his case and submit the matter to the court on its merits." 501 P2d at 320. Unfortunately this case was tried before *Karoblis* was decided.

It appears from the statement made from the bench by the trial judge when he ruled on the motion for a nonsuit that he thought he was deciding the case on its merits. He said:

"* * * I hold that the contract was completed when he loaded the tractor upon his lowboy in the State of Washington and took delivery. There was nothing thereafter which would give Case and Company any right to rescind that contract. There was no showing of nonperformance on the part of the defendant. Therefore, the sale was completed. It was his property and he was entitled—he was the owner of it. He thereafter—what happened thereafter is the—is of no consequence. * * *"

Unfortunately, however, the trial judge spoke only of granting a nonsuit and entered only a judgment of nonsuit reading in pertinent part as follows:

"The Court was of the opinion that plaintiff failed to prove a cause *sufficient to be submitted to it for decision.*

"NOW, THEREFORE, IT IS HEREBY ORDERED that a judgment of nonsuit be, and the same hereby is given against the plaintiff * * *." (Emphasis supplied.)

If the record contained any indication that plaintiff consented or acquiesced in a decision of the case on the merits, we would affirm; or, if we could hold, as a matter of law, that title to the tractor was vested in defendant, we would affirm. Although there is ample evidence to support a finding in defendant's favor, we cannot say as a matter of law that that was the only finding justified by the evidence. On the contrary, we

agree with plaintiff that there was evidence from which the trial court could have found in favor of plaintiff, which evidence includes the following circumstances:

Some time in February, between the 11th and the 20th, defendant telephoned Case's local credit officer, Henderson, about the possibility of purchasing the tractor. Henderson testified about this conversation:

"Q What transpired between you and Mr. Thompson concerning the equipment, if any?

"A Well, originally, I agreed to sell it to Mr. Thompson.

"Q Like under what terms and consideration?

"A Uh, same terms—same amount of money involved.

"Q Well, tell us a little more detail. What—what did you ask Mr. Thompson to do?

"A Well, we—we had the equipment in the woods near Morton, Washington. Mr. Thompson knew about it. He contacted me. I agreed to sell it to him for an amount as is, where is.

\* \* \* \* \*

"Q Do you have any recollection as to what you told Thompson to do with regard to picking up this equipment and taking possession of it?

"A Other than picking it up and bringing it—taking it to wherever he wanted to take it, no.

"Q And it was your understanding then that he was going to do that in—as a part of this agreement of sale, is that right?

"A Yes, sir."

Defendant testified about the same conversation:

"Q Now what sort of an understanding did you

have with Mr. Henderson, if any, about this purchase?

"A   I had—. I bought it with the understanding that I had it bought when I—when I—it hit the lowboy—when it got loaded on the lowboy, and he was suppose to come around and pick up the payment.

\* \* \* \* \*

"\* \* \* they told me to go ahead and load it up then, which I did, on that call in February—make the repairs necessary to get it loaded on the loader."

■ ORS 72.4030 (1) provides that "A purchaser of goods acquires all title which his transferor had or had power to transfer \* \* \*." Other sections of the statute provide for the power to transfer title under circumstances not present in this case. Under the general provision quoted above, plaintiff could acquire title from Case only if Case had title at the time of the purported sale to plaintiff. See, also, *Kelley v. Ness,* 182 Or 661, 189 P2d 570 (1948), decided under the corresponding provision of the Uniform Sales Act. The precise issue, therefore, is whether there was any evidence from which the trial court could have found that title had not passed to defendant prior to the attempted sale to plaintiff.

From the testimony of defendant and of Henderson, quoted above, a trier of fact could infer that at the time of their telephone conversation in February their agreement was complete, and that they had agreed title was to pass when defendant picked up the tractor. ORS 72.4010 (1) provides:

"\* \* \* title to goods passes from the seller to the buyer in any manner and on any conditions explicitly agreed on by the parties."

Therefore, if the trier found that the agreement between Henderson and defendant was that suggested above, title was in defendant from the time he picked up the tractor, and the attempted sale to plaintiff was a nullity.

However, a trier of fact could also infer that during the telephone conversation Henderson had merely offered to sell the tractor to defendant, and that defendant could accept the offer by picking up the tractor at its Washington location. The nature of the agreement must be determined by inference, as both Henderson and defendant testified to what they understood the result of their conversation to be. Neither made any attempt to recount the conversation itself. Henderson's testimony that he "agreed to sell" to defendant, and defendant's testimony that his understanding was that he "had it bought" when he picked the tractor up, could reasonably be interpreted as resulting in an offer to sell which could be accepted by picking up the tractor.

If the contract of sale was not complete until defendant accepted by picking up the tractor, that acceptance did not bind the Case Corporation in the absence of proper notice. ORS 72.2060 (2) provides:

"Where the beginning of a requested performance is a reasonable mode of acceptance an offeror who is not notified of acceptance within a reasonable time may treat the offer as having lapsed before acceptance."[1]

---

[1] Instead of this provision, plaintiff relies on ORS 72.6060 in support of his argument that acceptance must be communicated to the offeror. It appears that he has relied on the wrong statute, as ORS 72.6060 deals with the buyer's acceptance of the goods as being in conformance with the contract, and presupposes the existence of a valid contract of sale.

ORS 71.2040 (2) provides:

"What is a reasonable time for taking any action depends on the nature, purpose and circumstances of such action."

Defendant did not inform Henderson that he had picked up the tractor until approximately two to four weeks after he had done so. Defendant's testimony and that of Henderson differ on when notice was given. Since we are not willing to hold that notice given four weeks after acceptance was, as a matter of law, given within a reasonable time, plaintiff's evidence was sufficient to make a case for a trier of fact. That is, the evidence would support a finding that Henderson's offer was not accepted until defendant picked up the tractor, and that defendant failed to give notice of his acceptance within a reasonable time, permitting Henderson to treat the offer as having lapsed under ORS 72.2060 (2).

It follows that the judgment must be reversed and remanded with instruction to vacate the judgment, deny the motion for a nonsuit, require the defendant to put on his evidence or rest his case and to then decide the case on its merits.

It is so ordered.

■ We reaffirm what we said in *Karoblis,* that ORS 18.230 (3) does not apply to non jury cases. Instead, if the defendant in a non jury case wishes to challenge the sufficiency of the plaintiff's evidence he must rest his case and submit the case to the court on its merits.

Reversed and remanded.